IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEN KIM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al. | : | NO. 14-5320 |

ORDER

AND NOW, this 25th day of April 2016, upon consideration of Petitioner Ken Kim's

Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer in Opposition to Petition

for Habeas Corpus Relief/Memorandum of Law in Support Thereof (Doc. No. 7), Magistrate

Judge Carol Sandra Moore Wells's Report and Recommendation (Doc. No. 12), Petitioner's

Objections to the Report and Recommendation (Doc. No. 15), and an independent review of the

record before the Court, it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 12) is APPROVED and ADOPTED.

2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without an
   evidentiary hearing.

3. Petitioner's objections to the Report and Recommendation (Doc. No. 15) are
   OVERRULED.

4. No certificate of appealability shall issue because reasonable jurists would not
   debate the correctness of this Court's ruling and Petitioner has failed to make a
   substantial showing of the denial of a constitutional right.  See Slack v. McDaniel,
   529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

I. Background[1]

On August 26, 2004, following a three-day jury trial, Petitioner Ken Kim was found

guilty but mentally ill of murder in the first degree, carrying a firearm without a license, simple

_____
[1] The following procedural summary is based on the record before the Court.  The factual background is
summarized in the Report and Recommendation and thus is not recounted here.

assault, making terroristic threats, possessing instruments of crime, and attempting to elude a police officer.  He was sentenced on September 20, 2004 to life in prison for the murder charge, one to two years of imprisonment for the firearms charge, and six to twelve months of imprisonment for the attempting to elude police charge.  Petitioner's direct appeal of his sentence was denied, and, on May 23, 2006, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On May 21, 2007, Petitioner filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). He was appointed counsel, and a hearing was held on the petition on April 28, 2008.  On June 9, 2008, the petition was denied.  Petitioner did not appeal the denial.

 On June 13, 2011, Petitioner, proceeding pro se, filed a second PCRA petition.  This petition was dismissed as untimely filed on September 21, 2011.  Petitioner filed a pro se notice of appeal on the same day.  The Pennsylvania Superior Court affirmed the denial of the second PCRA petition on December 18, 2012, and, on December 3, 2013, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal.

Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2014.[2]  (See Pet. for Writ of Habeas Corpus 22, Doc. No. 1.)  He raises the following claims: (1) the trial court erred by failing to instruct the jury with respect to Petitioner's reputation for peacefulness, (2) the trial court erred by failing to instruct the jury on voluntary manslaughter, (3) the trial court erred by not allowing testimony regarding the Petitioner's childhood in Southeast Asia, (4) the evidence did not support a conviction for first-degree murder, (5) the verdict was against the weight of the evidence, (6) trial counsel was

---

[2] Petitioner's habeas petition was not docketed until September 15, 2014.  But as stated in the Report and Recommendation, since Petitioner is a pro se inmate, his petition should be considered filed as of the date that he submitted it to prison officials for mailing. (See R. & R. 3 n.1, Doc. No. 12 (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).)  Here, that date was September 10, 2014. (See Habeas Pet. 22.)

ineffective for failing to petition the court and for failing to object to the court's failure to appoint an interpreter, (7) trial counsel was ineffective for failing to assert that the Petitioner was not guilty of first-degree murder, (8) trial counsel was ineffective for failing to request that Petitioner undergo psychiatric testing, and (9) appellate counsel and post-conviction counsel were ineffective for failing to raise several colorable claims during appeal and post-conviction proceedings.  (Habeas Pet. 9–17.)

This matter was referred to Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation.  (See Sept. 30, 2014 Order, Doc. No. 3.)  On November 28, 2014, Petitioner filed his memorandum of law in support of his habeas petition.  Respondents filed an answer to Petitioner's habeas petition on January 29, 2015, arguing that the petition is time-barred and that Petitioner's claims are meritless. (See Answer in Opp'n to Pet. for Habeas Corpus Relief/Mem. Law in Supp. Thereof 11–21, Doc. No. 7.)

Magistrate Judge Wells issued a Report and Recommendation on February 25, 2016.  She recommended that the Court deny Petitioner's request for habeas relief because his petition was untimely filed.  (R. & R. 4–5.)  According to the magistrate judge, Petitioner's conviction became final on August 21, 2006, but he did not file a federal habeas petition until nearly seven years later and well after the AEDPA statute of limitations had expired.  (R. & R. 4, 7.) Magistrate Judge Wells found that neither statutory nor equitable tolling could save Petitioner's untimely claims.  (R. & R. 5–7.)

Petitioner objected to the Report and Recommendation on several grounds.  (Objs. to R. & R., Doc. No. 15.)  He does not contest the magistrate judge's finding that the petition was untimely.  (See Objs. 2.)  However, he contends that his habeas petition should be equitably tolled because "his lack of legal knowledge and limited understanding of the English language

constitute extraordinary circumstances which prevented him form [*sic*] timely filing the instant habeas application." (Objs. 6.) He also claims that he only managed to file an initial PCRA petition because he received help from another inmate, but, when that inmate was relocated, "any help with either the law or the language . . . was only renewed when the Petitioner met and befriended [a different] inmate." (Objs. 7.)

The Court agrees with the magistrate judge that the habeas petition was untimely filed and that neither statutory nor equitable tolling can save Petitioner's claims. Petitioner does not offer any colorable objections; the Court therefore overrules his objections and dismisses this action for the reasons outlined below.

## II. Legal Standard

*A. AEDPA*

Petitioner's application for federal habeas review of his state conviction is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. AEDPA provides a one-year statute of limitations beyond which a petition for habeas corpus is deemed untimely and may not be considered on the merits by a federal court. 28 U.S.C. § 2244(d); e.g., Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). The limitation period begins to run on the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A conviction becomes final following direct appeal when the time to seek certiorari with the Supreme Court expires, if certiorari is not sought.  See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); see Rules of the Supreme Court of the United States 13(1) (providing ninety days after entry of judgment for filing a petition for a writ of certiorari).

The one-year AEDPA limitation period is, however, tolled during the pendency of a "properly filed" state petition for collateral review.  28 U.S.C. § 2244(d)(2).  The Third Circuit has held that this statutory tolling continues until the expiration of the time to seek discretionary review, regardless of whether discretionary review is sought.  Swartz, 204 F.3d at 424.

The AEDPA statute of limitations is also subject to equitable tolling.  Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  However, "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'"  Id.  (alterations in original) (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)).  The Third Circuit has stated that "[c]ourts must be sparing in their use of equitable tolling."  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  A petitioner may be entitled to equitable tolling if he or she can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

*B. Standard when reviewing a magistrate judge's report and recommendation*

As a final matter, when assessing a magistrate judge's report and recommendation, the reviewing court must make "a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.

III. Discussion

*A. Statutory tolling*

The Court adopts the magistrate judge's recommendation with respect to statutory tolling.

Judgment in the underlying criminal matter became final on August 21, 2006, ninety days after

Petitioner's direct appeal of his conviction was denied, since he did not file a petition for a writ

of certiorari before the Supreme Court.  He then had until August 21, 2007, one year after

judgment became final, to file his federal habeas petition.

Petitioner timely filed a PCRA petition in Pennsylvania state court on May 21, 2007, 273

days after judgment become final.  Under § 2244(d)(2), this petition tolled the AEDPA

limitations period.  Petitioner's PCRA action concluded on July 9, 2008, the date by which he

could have filed an appeal of the PCRA order denying relief.  See Swartz, 204 F.3d at 420.  He

then had ninety-two days remaining in his 365-day grace period within which to file his federal

habeas claim—that is, until October 9, 2008.  He did not do so, however.  Petitioner also did not

take any other action that would toll the limitations period.  Though he commenced a second

PCRA proceeding approximately three years after the first PCRA petition was denied, this

second action did not affect the AEDPA limitations period.  An untimely PCRA petition is not

properly filed for the purposes of § 2244(d)(2) and cannot toll the AEDPA limitations period.

See Pace, 544 U.S. at 417.

Petitioner initiated this federal habeas proceeding on September 10, 2014, nearly six

years after his time under AEDPA had expired.  The Court therefore agrees with the magistrate

6

judge's conclusion that statutory tolling cannot save this habeas petition (see R. & R. 5–6). Indeed, even Petitioner concedes that his petition was untimely filed.  (See Objs. 2.) Accordingly, unless Petitioner qualifies for equitable tolling, his petition is time-barred.

*B. Equitable tolling*

Magistrate Judge Wells concluded that the federal limitations period should not be equitably tolled.  (R. & R. 6–7.)  Petitioner failed to establish that he exercised diligence in pursuing his rights and that extraordinary circumstances prevented timely filing.  (R. & R. 6.) Specifically, Petitioner had not demonstrated how his mental condition or language abilities prevented him from filing his habeas petition in a timely manner, though he had managed to file a PCRA petition in Pennsylvania state court within the PCRA-limitations period.  (R. & R. 7.) Additionally, the magistrate judge noted that the Third Circuit has not addressed the question of whether a language barrier is an extraordinary circumstance for the purposes of equitable tolling. (R. & R. 7.)

Petitioner objected to the Report and Recommendation.  He argues that AEDPA's statute of limitations should be equitably tolled due to "his lack of legal knowledge and limited understanding of the English language."  (Objs. 6.)  He also cited case law from other circuit courts stating that a language deficiency could merit equitable tolling.  (R. & R. 6.) Additionally, Petitioner argues that although he had filed his first PCRA petition in a timely fashion, he had only been able to do so because another inmate had assisted him.  (R. & R. 7.)

This Court agrees with the magistrate judge's report and recommendation.  As an initial matter, the Petitioner has given no indication that he attempted to pursue his rights with due diligence.  According to the Third Circuit in Ross v. Varano, "[a] determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be

considered in light of the particular circumstances of the case."  712 F.3d 784, 799 (3d Cir.

2013).  Considering the particular circumstances of Petitioner's case, the Court is unconvinced

that he diligently pursued his claims.  Nearly six years had elapsed after the AEDPA limitations

period expired when Petitioner commenced this habeas action.  He offers no explanation for his

significant delay, apart from the bare statement that an individual who assisted him with his

PCRA petition was no longer able to assist him.  However, this fact, even if true, does not justify

so gross a delay, especially considering that Petitioner subsequently filed a second (though

unsuccessful) pro se PCRA complaint and appeal.  Petitioner has not demonstrated that he made

any attempts to file his federal habeas petition before September 2014.  Moreover, the claims

asserted in his habeas petition were all available to him before the AEDPA limitations period

expired—his claims are not based, for instance, on newly and recently discovered evidence.  See,

e.g., McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 ("In possession of all three affidavits by July

2002, he waited nearly six years to seek federal postconviction relief.  Such a delay falls far short

of demonstrating the . . . diligence required to entitle a petitioner to equitable tolling."  (alteration

in original) (citation omitted))

　　　That Petitioner proceeded pro se and has limited knowledge of the law does not merit

equitable tolling.  The Third Circuit has stated that "[t]he fact that a petitioner is proceeding pro

se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge

or legal training does not alone justify equitable tolling."  Ross, 712 F.3d at 799–800 (citing

Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003)).  As already stated, Petitioner has made

several pro se filings, including his first PCRA petition.   The Court is unconvinced that

Petitioner could not prepare even a basic habeas petition within the AEDPA limitations period.

Since Petitioner points to no additional factors that could warrant equitable tolling, Petitioner's

8

pro se status does not justify his failure to diligently pursue his claims.

The Court also holds that extraordinary circumstances did not prevent Petitioner from filing a timely § 2254 petition.  His conclusory claim that his mental illness impaired his ability to file a timely habeas action is unpersuasive.  The Third Circuit has stated that mental incompetence may sometimes furnish a ground for equitable tolling but only if the alleged incompetence affects the petitioner's ability to file an action on time.  See Champney v. Sec'y Pa. Dep't of Corr., 469 F. App'x 113, 117 (3d Cir.2012).  The petitioner bears the burden of establishing his or her mental incompetence and how that illness affected his or her ability to file a timely habeas action.  See id. (citing Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010)).  Here, even assuming that Petitioner's conviction of guilty but mentally ill of first-degree murder demonstrates that he was mentally incompetent, Petitioner has not established that this mental illness affected his ability to file court documents in a timely manner.  In fact, he filed a timely PCRA petition in state court before AEDPA's statute of limitations period expired, tolling the limitations period until that petition was dismissed.  Because Petitioner was capable of filing a proper and timely petition, equitable tolling would be inappropriate in this case.  He has not presented evidence to suggest that his mental capacity deteriorated since he filed his initial PCRA petition, and he has subsequently filed other pro se motions.  Cf. id. at 118 ("[Petitioner's] participation in court proceedings over an extended period of time compel[s] the conclusion that the extraordinary remedy of equitable tolling is not warranted here.").  Accordingly, mental illness does not present a proper basis for equitably tolling the AEDPA limitations period.

A petitioner's inability to speak English may qualify as an extraordinary circumstance meriting equitable tolling in some factual situations.  For instance, in Pabon v. Mahoney, a petitioner "[had] consistently claimed to be a non-English speaker, required a translator in his

interactions with police and the court system, lacked access to legal materials or notice of AEDPA in Spanish . . ., and was repeatedly denied legal materials in Spanish or translation assistance."   654 F.3d 385, 401–02 (3d Cir.2011).  Based on these facts, the Third Circuit remanded to the district court for an evidentiary hearing on the petitioner's claim that equitable tolling was warranted because of his inability to speak English.  Id.  The key inquiry in Pabon was how severe an obstacle the language deficiency presented to satisfying the federal statute of limitations.  See id. at 401.

 The case before this Court can be readily distinguished from Pabon.  Petitioner has not consistently claimed to be a non-English speaker.  He first raised this argument in his second PCRA action, though he could have asserted this claim at an earlier point.  Petitioner has not required a translator in the various court proceedings related to his case or in his interactions with the police.  (See, e.g., Aug. 23, 2004 Tr. Jury Trial 116.)  In fact, he testified in English at his first PCRA evidentiary hearing, without the aid of an interpreter.  (See Apr. 28, 2008 Tr. PCRA Hr'g 2–19.)  Additionally, testimony presented at trial in the underlying criminal proceeding established that Petitioner was able to communicate in English; he was able to converse, for instance, with his coworkers and with Dr. Samuel, the psychologist who examined him, without the assistance of a translator.  (See, e.g., Aug. 23, 2004 Tr. Jury Trial 230–37; Aug. 25, 2014 Tr. Jury Trial 122–25, 137.)  Moreover, Petitioner has successfully met previous deadlines for direct appeals and for a PCRA petition, notwithstanding his current claims regarding a language barrier.  Petitioner thus has not established an inability to speak English, and, even if he had, he has not demonstrated that this inability was a severe obstacle that prevented him from filing a timely habeas petition.

Equitable tolling of AEDPA's limitations period is not justified in this case.  The Court overrules Petitioner's objections on this point and adopts the magistrate judge's report and recommendation.

## IV. Conclusion

For the reasons stated above, it is ORDERED as follows:

1.  Magistrate Judge Wells's Report and Recommendation (Doc. No. 12) is APPROVED and ADOPTED.

2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

3. Petitioner's objections to the Report and Recommendation (Doc. No. 15) are OVERRULED.

4. No certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.


BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

11